IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRADLEY KELLER, #2207031, | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:19-CV-0905-S-BH |
| DALLAS COUNTY JAIL, | ) |
| Defendant. | ) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *pro se* prisoner plaintiff's complaint should be **DISMISSED** as malicious.

### I. BACKGROUND

Bradley Keller (Plaintiff), an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), sues the "Dallas County Jail/Lew Sterrett Justice Center" for negligence.[2] (doc. 3 at 1; doc. 13 at 1-4.)[3] He alleges that inmates at the Dallas County Jail are forced to wear shoes that allow them to fall, and that while he was an inmate there, he slipped and fell for a third time on November 15, 2017. (doc. 3 at 3-4.) He claims that he was injured each of the three times he fell, and that his last fall "tore [his] shoulder apart and still has not been treated." (*Id.* at 4.) He also seeks to "show the negligent treatment of inmates by Medical staff." (doc. 13 at 3.) He previously filed another lawsuit against the same defendant that duplicates or raises the same claims as this lawsuit. (*Id.* at 6); *see also Keller v. Dallas County Jail*, No. 3:19-CV-904-N (N.D.

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Although Plaintiff filed his lawsuit on the standard form for civil rights cases under 42 U.S.C. § 1983, his answers to a magistrate judge's questionnaire expressly state that he is suing only for negligence and not for any violation of his civil rights. (*See* doc. 13 at 3-4.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Tex. Apr. 8, 2019). No process has issued.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

The Fifth Circuit "has held that it is 'malicious' for a prisoner proceeding *in forma pauperis* to file a lawsuit that duplicates the allegations of another pending federal action by the same plaintiff." *Chambers v. Stalder,* 999 F.2d 1580 (5th Cir. 1993) (per curiam) (Table, text on Westlaw) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Humphrey v. Luna*, 59 F.3d 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (finding it is malicious for a pauper to file successive duplicative suits *in forma pauperis*) (citing *Pittman*, 980 F.2d at 995 (pending lawsuits) and *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). A complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *See Pittman*, 980 F.2d at 995.

Here, Plaintiff concedes that he filed a prior action against the same defendant asserting the same claims as in this case. (doc. 13 at 6.)[4] This action should therefore be summarily dismissed

---

[4] Plaintiff's answers to the magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

as malicious without prejudice to the prosecution of his pending lawsuit, *Keller v. Dallas County Jail*, No. 3:19-CV-904-N (N.D. Tex. Apr. 8, 2019). *See Lewis v. Sec'y of Pub. Safety and Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (dismissal of duplicative claim should be without prejudice to prosecution of the claim in the other currently pending case) (citing *Chambers*, 999 F.2d at 1580).

### III. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** as malicious under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), but the dismissal should be without prejudice to his prosecution of his pending lawsuit, *Keller v. Dallas County Jail*, No. 3:19-CV-904-N (N.D. Tex. Apr. 8, 2019).

**SIGNED this 27th day of June, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE